UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>S. SAVOIE, *et al*.<br><br>Defendants. | Case No. 1:24-cv-00006-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner incarcerated at Pelican Bay State Prison proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. (Doc. 1). Plaintiff filed the instant action on January 2, 2024, along with a motion to proceed *in forma pauperis*. (Docs. 1-2).

**Discussion**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." *Silva v. Di Vittorio*, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the *in forma pauperis* statute was amended to include section 1915(g), a non-merits related screening device that precludes prisoners with three or more "strikes" from proceeding *in forma pauperis* unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute

provides that "[i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. Plaintiff notes he has filed over 10 previous lawsuits and highlights three that were "dismissed without prejudice" for failure to state a claim or for failure to pay the filing fee. *See* (Doc. 1 at 2). The Court takes judicial notice[1] of the following United States District Court cases, although not exhaustive, which are properly deemed qualifying § 1915(g) strikes: (1) *Cruz v. Ruiz*, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016); (2) *Trujillo v. Sherman*, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015); (3) *Cruz v. Gomez*, No. 1:15-cv-00859-EPG (PC) (E.D. Cal.) (dismissed for failure to state a claim on February 3, 2017); *Cruz v. Maldonado*, No. 1:18-cv-00696-LJO-JLT (PC) (E.D. Cal.) (dismissed for failure to state a claim on September 18, 2019).[2]

Because Plaintiff has at least three qualifying strikes, the issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at

---

[1] Judicial notice may be taken of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011).

the time he filed his complaint on January 2, 2024 (with application of the mailbox rule). *Andrews v. Cervantes*, 493 F.3d 1047, 1053-56 (9th Cir. 2007).  Conditions that posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Id*. at 1053.  While the inquiry is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  *Id*. at 1055.

Here, Plaintiff, as he has done in numerous other cases, including *Cruz v. Savoie*, No. 1:21-cv-01350-HBK (PC) (E.D. Cal. Jul. 29, 2022) (findings and recommendations adopted on November 10, 2022, and appeal dismissed by *sub nominee* on February 27, 2023), seeks to attribute past attacks from other inmates as related to an allegedly false rule violations report written by Defendant S. Savoie in 2016.  (Doc. 1 at 3-5).  Plaintiff alleges he was assaulted on August 1, 2023, and August 2, 2023.  *Id*.  Plaintiff asserts he has suffered an extensive history of assaults because of Defendant Savoie's report.  *Id*. at 5.

Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury at the time he filed his complaint on January 2, 2024, five months after the alleged assaults took place.  Moreover, the August 1, 2023, and August 2, 2023, assaults are too attenuated to demonstrate a nexus to the report written by Defendant Savoie dated April 27, 2016 (Doc. 1 at 29).  The law requires a nexus between the imminent danger that Plaintiff alleges and the claims he asserts in the instant complaint.  Plaintiff appears to claim his past assaults could happen again (Doc. 1 at 3-5), but without more, Plaintiff's conclusory statements do not show imminent danger under § 1915(g).  It is mere conjecture that his prior attacks are related to Defendant Savoie's 2016 report.  Plaintiff's broad allegations of danger are insufficient to survive dismissal of this action.

Therefore, the court finds that Plaintiff may not proceed in forma pauperis with this action and must submit the appropriate filing fee in order to proceed with this action.  Accordingly, Plaintiff's motion to proceed in forma pauperis should be denied, and he should be precluded from proceeding with this case until after he pays the $405.00 filing fee in full.

/ / /

3

**Conclusion and Recommendation**

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. Plaintiff be ordered to pay the $402.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days of being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 16, 2024**

UNITED STATES MAGISTRATE JUDGE