UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SAVOIE, *et al.*<br><br>　　　　　Defendants. | Case No.: 1:24-cv-00006-KES-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>Docs. 2, 4 |

Plaintiff Guillermo Trujillo Cruz proceeds pro se in this civil action filed pursuant to 42 U.S.C. § 1983. Doc. 1. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 2, 2024, plaintiff initiated this case by filing a complaint. Doc. 1. Plaintiff's complaint generally alleges that defendant Savoie filed a false rules report violation ("RVR") against him in 2016, that this false RVR has made him vulnerable to physical assaults by other inmates, and that he suffered assaults on August 1 and 2, 2023 due to the RVR.[1] *Id*. Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). Doc. 2.

---

[1] Plaintiff has also brought similar claims regarding this RVR for past assaults. *See, e.g.*, *Cruz v. Savoie*, Case No. 1:21-cv-01350-HBK (PC), 2022 WL 3010443, at *1 (E.D. Cal. July 29, 2022) (plaintiff sought to attribute past attacks from other inmates to an allegedly false RVR written by Savoie in 2016).

On January 16, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed IFP be denied, and that plaintiff be required to pay the filing fee in full. Doc. 4. Specifically, the magistrate judge found that plaintiff was a "three-striker" within the meaning of 28 U.S.C. § 1915(g) and therefore could proceed IFP only if he was in imminent danger of serious physical injury. *Id.* The magistrate judge concluded that plaintiff failed to allege "facts showing that he faced a real, present threat of serious physical injury at the time he filed his complaint" and that the August 1 and 2 "assaults are too attenuated to demonstrate a nexus to the [RVR filed] by Defendant Savoie." *Id.* On February 12, 2024, plaintiff filed objections to the magistrate judge's findings and recommendations. Doc. 8.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings that the plaintiff has three strikes and that he does not establish he was in imminent danger are supported by the record.[2]

In his objections, plaintiff argues that the magistrate judge erred in finding that he was not in imminent danger. Doc. 8 at 5. Plaintiff alleges that the day before the August 1 attack, prison officials at Pelican Bay State Prison informed other inmates of plaintiff's RVR, which indicates that those attacks were traceable to the RVR. Doc. 8 at 3–4. He also states that since filing his complaint he was transferred from Pelican Bay State Prison to Calipatria State Prison and alleges that, during his transfer, a prison official at Calipatria told him that the type of conduct reflected in his RVR "will not be tolerate[d] and that the last inmate they had [t]here at Calipatria State Prison that had charges of the same nature was nearly stabb[ed] to death" and then proceeded to "gossip" to other staff at the prison about plaintiff's RVR. *Id.* at 5.

Though the allegation that Pelican Bay State Prison officials informed other prisoners of plaintiff's RVR the day before the August 1 assault may demonstrate a connection between the August 2023 assaults and the RVR, it fails to establish that plaintiff was in imminent danger *at*

---

[2] Plaintiff does not contest the magistrate judge's finding that he has incurred three strikes under § 1915(g). *See* Doc. 4 at 2. Moreover, several courts have previously identified plaintiff as a "three-strikes" litigant. *See, e.g.*, *Cruz v. Pierston*, No. 19-CV-08039-HSG, 2020 WL 264399, at *3 (N.D. Cal. Jan. 16, 2020).

2

*the time the complaint was filed* on January 2, 2024.³  *See Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007) ("[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

Plaintiff essentially argues, both in his complaint and in his objections, that has met the imminent danger showing by alleging that he has suffered several assaults in the past because of the RVR, which he argues demonstrates that he will continue to suffer similar assaults in the future because of the RVR.  Plaintiff is correct that a pattern of assaults can form the basis for a finding of imminent danger.  *See, e.g., Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents . . . is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception."); *Ashley v. Dilworth*, 47 F.3d 715, 717 (8th Cir. 1998) (imminent danger exception met where plaintiff alleged in complaint that plaintiff notified defendants he was being placed near inmates on his enemy list, defendants then transferred him near his enemy, and was then attacked with a butcher knife as a result of defendants' actions).

However, plaintiff alleges the August 1 and 2 assaults took place in Facility B of the prison, that plaintiff was placed in administrative segregation after the assaults for his safety, and that he was subsequently rehoused in Facility A of the prison—not Facility B—upon a finding that it was safe for him to be housed in Facility A.  Doc. 8 at 5.  Plaintiff filed his complaint on January 2, 2024, after his move to Facility A.  *See generally* Doc. 1.  Plaintiff makes no allegation in his complaint or objections that he was subjected in Facility A to prisoners with knowledge of his RVR or to officials who would share information of his RVR with inmates in Facility A.  *See generally* Doc. 1, 8.  Similarly, plaintiff's allegations regarding the Calipatria State Prison official's comments and gossiping about his RVR upon his transfer there later in January 2024, do not help him to establish that he was in imminent danger when he filed the complaint on January 2, 2024.  Doc. 8 at 5.

---

³ Plaintiff also asserts in his complaint that, during the safety investigation following the assaults, Officer Thomas informed him that both assaults "occur[r]ed behind that particular rule violation report dated: April 27, 2016 R.V.R. Log #20006 specific act of 'overfamiliarity' with staff." *Id.* at 3–4.

3

1  Because plaintiff has failed to establish that imminent and ongoing danger existed at the
2  time he filed his complaint on January 2, 2024, he has failed to meet the requirements of the
3  imminent danger exception and is therefore barred from proceeding in forma pauperis pursuant to
4  28 U.S.C. § 1915(g) in this action.

Accordingly,

1. The findings and recommendations issued on January 16, 2024, Doc. 4, are adopted;
2. Plaintiff's application to proceed in forma pauperis, Doc. 2, is denied; and
3. Plaintiff is ordered to pay the filing fee in full within 30 days if he wishes to proceed with this action.

**Plaintiff is advised that failure to pay the filing fee as ordered will result in the dismissal of this action without prejudice and without further notice.**

IT IS SO ORDERED.

Dated:   July 29, 2025

_____
UNITED STATES DISTRICT JUDGE

4